PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRUNO GRAFF, | ) | |
| | ) | CASE NO.  1:15CV1587 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BENNIE KELLY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER OF TRANSFER** |

*Pro Se* Petitioner Bruno Graff filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging one ground for relief which challenges the constitutional sufficiency of his conviction in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-98-361288-ZA.  Graff is currently incarcerated in the Grafton Correctional Institution, having been convicted in 1998 of murder.  He is serving a prison sentence of fifteen years to life.  Graff claims he is entitled to habeas relief because he was denied due process when the trial court denied his Motion for New Trial.  For the reasons set forth below, the Petition is found to be successive and is transferred to the United States Court of Appeals for the Sixth Circuit.

**I.  Background**

On March 25, 1998, Graff was indicted for purposely causing the death of his neighbor, Jonell Ficzeri.  *See State v. Graff*, No. 74860, 2000 WL 968791 (Ohio App. 8th Dist. July 13, 2000).  On September 4, 1997, Graff called 911 from Ficzeri's home and reported that she

(1:15CV1587)

overdosed on drugs and was unconscious.  Ficzeri was resuscitated and transported to Metro

General Hospital where she was placed on life support.  She died two days later.

During the course of her autopsy, the Coroner's office discovered that Ficzeri had a

bruise on the top of her head.  An examination of her brain tissue revealed a brain stem injury

and brain swelling.  The Coroner ruled that her death was a homicide, and stated it was caused by

an impact to her head.  The Coroner believed the shape of the bruise suggested the murder

weapon had been a cane or a crutch.

Cleveland police investigated the case at the request of the Coroner's office.  Graff

ultimately provided four different versions of the events to the police, which varied from Graff

finding Ficzeri at her house after she called him to complain she was not feeling well, to Ficzeri

coming to his house, overdosing on drugs, and being carried back to her home by Graff before he

called 911.  Graff had a cane, but he denied striking Ficzeri with it.

The prosecution presented sixteen witnesses at trial to prove that Graff murdered Ficzeri.

Dr. Heather Raaf of the Coroner's office testified she performed the autopsy; and indicated her

opinion that the blow to the middle top of Ficzeri's head sent a shock waive through her brain,

damaged her brain and brain stem, rendered her unconscious, and caused her heart and breathing

to stop.  She testified that the wound was consistent with a blow caused by Graff's cane or

crutches, which were admitted into evidence.  Dr. Raaf ruled out accidental injury due to the

location of the wound.

Graff did not testify at trial, but presented medical opinion testimony from Dr. Mark

Cohen that contradicted Dr. Raaf's testimony.  Dr. Cohen testified that it would be very unusual

2

(1:15CV1587)

for a blow to the top of the head to cause brain stem injury, and he did not believe Ficzeri died

from a head injury.  The prosecution presented rebuttal testimony by deputy coroner Dr. Marta

Steinberg.  She supported Dr. Raaf's conclusions and stated that Dr. Cohen only viewed the brain

tissue slides for a few minutes before arriving at his conclusion.  The jury found Graff guilty of

murder.

Graff, through counsel, appealed his conviction.  He raised three assignments of error in

the direct appeal of the judgment of conviction:

> 1.  The trial court's jury instructions were plainly erroneous and prejudiced the
> appellant in violation of the Due Process Clause of the Fourteenth Amendment
> and counsel was ineffective under the Sixth Amendment for failing to [object] to
> such fundamentally flawed instructions.

> 2.  The evidence is insufficient to convict the appellant of murder.

> 3.  The verdict is against the weight of the evidence.

In addition, Graff raised three supplemental assignments of error *pro se*:

> 1.  The trial court's jury instructions were plainly erroneous and prejudiced the
> appellant in violation of the Due Process Clause of the Fourteenth Amendment.

> 2.  The trial court's failure to investigate Juror # 2's close relationship to the
> decedent clearly prejudiced appellant's constitutional right to a fair and impartial
> trial in violation of the Sixth and Fourteenth amendment due process (sic).

> 3.  Trial counsel erred when he failed to move for dismissal of Juror # 2 or move
> for a mistrial or new trial by Juror # 2's participation in the trial and failure to
> advocate appellant's defense violated appellant's Sixth Amendment right to
> effective assistance of counsel.

In July 2000, the Ohio Court of Appeals affirmed Graff's conviction.  *Graff*, 2000 WL 968791,

at *10.

3

(1:15CV1587)

Graff then appealed that decision to the Supreme Court of Ohio.  On November 22, 2000, the Supreme Court dismissed the appeal as not involving any substantial constitutional question. *State v. Graff*, 90 Ohio St.3d 1468 (2000).

On September 18, 2000, Graff moved, under Ohio App. R. 26(B), to re-open his original appeal on the grounds that appellate counsel was ineffective.  The court of appeals denied his application for re-opening in May 2001, on the basis of *res judicata*, because the court found that Graff's arguments could have been made in his *pro se* brief in his direct appeal.  Nonetheless, the court considered his arguments on the merits, and found that he had failed to demonstrate that there was a genuine issue as to whether he had been deprived of the effective assistance of appellate counsel.  *State v. Graff*, No. 74860, 2001 WL 534152 (Ohio App. 8th Dist. May 8, 2001).

Graff appealed that decision to the Ohio Supreme Court.  On September 26, 2001, the Supreme Court dismissed the appeal as not involving any substantial constitutional question. *State v. Graff*, 93 Ohio St.3d 1427 (2001).

In November 2001, the Court received Graff's first Petition for a Writ of Habeas Corpus. *Graff v. Bagley*, No. 1:01CV2667 (N.D. Ohio Nov. 26, 2001) (Wells, J.).  On June 17, 2002, he filed a motion to dismiss the Petition without prejudice, in the belief that he had not fully exhausted his claims in the state courts.  The motion was granted on September 3, 2002.

On July 2, 2003, Graff filed a Motion for Relief From Judgment Under Ohio Civ. R. 60(B) and Motion to Vacate or Set Aside his Conviction in Cuyahoga County, Ohio Court of

(1:15CV1587)

Common Pleas Case No. CR-98-361288-ZA.  In this Motion, he asserted that his conviction was void and should be vacated because:

    1.  the indictment was not issued upon the complaint of a peace officer;

    2.  the indictment failed to set forth the elements of the offense of murder;

    3.  insufficient evidence was offered in support of his conviction;

    4.  there was prosecutorial misconduct in connection with the prosecuting attorney's trial conduct; and,

    5.  he was deprived of the effective assistance of trial counsel.

See *State v. Graff*, No. 83307, 2004 WL 584393, at *1 (Ohio App. 8th Dist. March 25, 2004). The trial court denied his Motion, and Graff appealed to the Court of Appeals.  The state appellate court ruled that his Motion was in fact a Petition for Post Conviction Relief pursuant to Ohio Rev. Code § 2953.21, and was untimely.  *Id.* at *2-3.

      Graff filed a second Petition for a Writ of Habeas Corpus, which was received by the Court in September 2003.  *Graff v. Bradshaw*, No. 1:03CV1939 (N.D. Ohio Sept. 15, 2003) (Wells, J.).  He asserted the same eight grounds for relief that he had asserted in his first habeas corpus petition:

    1.  The trial court's jury instructions were plainly erroneous and prejudiced the Petitioner in violation of the Due Process Clause of the Fourteenth Amendment[,] and counsel was ineffective under the Sixth Amendment for failing to object to such fundamentally flawed instructions.

    2.  The verdict is against the weight of the evidence because the evidence is insufficient to convict Petitioner of murder.

    3.  The trial court's jury instruction[s] were plainly erroneous and prejudiced Petitioner in violation of the Due Process Clause of the Fourteenth Amendment.

(1:15CV1587)

       4.  The trial court's failure to investigate Juror #2's close relationship to the decedent clearly prejudiced Petitioner's constitutional right to a fair and impartial trial in violation of the Sixth and Fourteenth Amendments.

       5.  Trial counsel erred when he failed to move for dismissal of Juror #2 or to move for a mistrial or new trial[,] and failure to advocate Petitioner's Sixth Amendment Right to effective assistance of counsel.

       6.  Petitioner was deprived [of] his right to effective assistance of appellate counsel on his first direct appeal in violation of his Sixth and Fourteenth Amendments right[s].

       7.  Petitioner received constitutionally ineffective assistance of counsel on his first direct appeal as guaranteed by the Six[th] Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution by his failure to raise meritorious claims as instructed by Petitioner.

       8.  Petitioner was deprived of effective assistance of counsel by the Ohio Public Defender's Office['s] failure to offer counsel for Petitioner to file his motion for reopening pursuant to App. R. 26 (B).

The habeas petition was considered on the merits by U.S. Magistrate Judge Kenneth S. McHargh, who issued a Report and Recommendation in August 2004 that the Petition should be dismissed as time-barred.  On September 30, 2005, U.S. District Judge Lesley Wells adopted the Report and Recommendation, denying the writ and dismissing the Petition on the ground that it was barred by 28 U.S.C. § 2244's statute of limitations.

       While his second habeas petition was pending, Graff filed a third Petition for a Writ of Habeas Corpus, which was received by the Court in August 2005.  *Graff v. Bradshaw*, No. 1:05CV1889 (N.D. Ohio Aug. 1, 2005) (Wells, J.).  He asserted six grounds for relief:  1) his "Indictment was obtained in violation of due process by prosecutorial misconduct and by prosecutorial  usurpation of judicial authority;" 2) the prosecutor engaged in misconduct by "invad[ing] the province of the jury;" 3) he was denied effective assistance of counsel based

6

(1:15CV1587)

upon "[s]eparate and collective errors, omissions and deficiencies" committed by trial counsel; 4) his indictment lacked specificity; 5) insufficient evidence was presented to support his conviction; and 6) he was subjected to "Due Process [Violations] of [the] Fourteenth Amendment."  The Petition was deemed to be successive by Judge Wells and was, therefore, transferred to the Sixth Circuit Court of Appeals on October 11, 2005.  The Sixth Circuit denied Graff's motion for permission to file a second or successive § 2254 habeas corpus petition in the district court and motion to reinstate his first habeas corpus petition.  *In re: Bruno Graff*, No. 05-4365 (6th Cir. Nov. 7, 2006).

Graff indicates that on September 15, 2014—almost eight years after the Sixth Circuit rejected his successive Petition—he returned to the state trial court and filed a Motion for New Trial, claiming he had secured evidence that completely exonerated him.  The trial court denied the Motion on September 22, 2014.  ECF No. 1 at PageID #: 3-4.

Graff has now filed his fourth Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming the state trial court denied him due process by denying his Motion for New Trial.  He contends he recently acquired a report from Dr. Cyril Wecht, a forensic pathologist, who concluded that Dr. Raaf's testimony was "markedly exaggerated and to a significant extent, forensically incorrect."  ECF No. 1 at PageID #: 7.  Graff claims Dr. Wecht determined the cause of Ficzeri's death to be an adverse reaction to heroin complicated by atheroclerosis of the coronary arteries and pulmonary emphysema.  ECF No. 1 at PageID #: 7-8.  Graff contends he could not afford to get this information at the time of his trial and his attorney was ineffective for not presenting the testimony.  ECF No. 1 at PageID #: 6-7.  He does not indicate when Dr. Wecht

(1:15CV1587)

performed this evaluation, or for whom he performed it.  Although he states in the Petition that he attached a copy of the report (ECF No. 1 at PageID #: 7), it is not included with the pleading nor was it filed separately with the Court.[1]  Graff contends this evidence calls into question the central issue of whether the victim's death was accidental or a homicide.  ECF No. 1 at PageID #: 6.

## II.  Successive Petitions

Because Graff received a decision on the merits of a previous Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 1998 murder conviction, his current Petition is successive.  Before a second or successive Petition for a Writ of Habeas Corpus can be filed in this Court, Graff must obtain an Order from the Court of Appeals for the Sixth Circuit authorizing this Court to consider the Petition.  28 U.S.C. § 2244(b)(3)(A).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive Petition for Writ of Habeas Corpus in the absence of an order from the Court of Appeals authorizing the filing of the successive Petition.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  If a Petitioner files a successive Petition in this district court without first obtaining approval from the Sixth Circuit, the district court must transfer the Petition to the Sixth Circuit Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).  That being the case, this Court is without jurisdiction to entertain this successive § 2254 Petition unless the Sixth Circuit authorizes Graff to proceed.

---

[1]  A copy of the report, dated January 16, 2014, was attached to the Motion for New Trial filed in the state trial court.

8

(1:15CV1587)

### III.  Conclusion

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (1997), this action is transferred to the

United States Court of Appeals for the Sixth Circuit.

This case is closed subject to further order of the Sixth Circuit.


IT IS SO ORDERED.


 September 9, 2015                           */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge

9